**WO** TCK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexandro Necochea Varela,<br><br>           Plaintiff,<br><br>vs.<br><br>Another Way, et al.,<br><br>           Defendants. | No. CV 06-796-PCT-SMM (MEA)<br><br>**ORDER** |

Plaintiff Alexandro Necochea Varela, confined in the Coconino County Jail in Flagstaff, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss the action.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $250. The Court will assess an initial partial filing fee of $5.00. 28 U.S.C. § 1915(b)(1). The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

/ / /

/ / /

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved" but not if a complaint "lacks merit entirely." Id. at 1129. The Court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts or if it appears at all possible that the defect can be corrected. Id. at 1130. Plaintiff's Complaint will be dismissed without leave to amend because the defects cannot be corrected.

## III. Complaint

In his Complaint, Plaintiff alleges that Evelyn Tsinnijinnie, an advocate for Another Way domestic violence center, stated during his trial in Superior Court that Plaintiff raped his ex-girlfriend. As a result, he has been threatened, harassed, humiliated and has been called a Rapist by other inmates. Plaintiff contends that Defendant's actions were slanderous, in violation of his constitutional rights. Named as Defendants are Another Way Domestic Violence Center and Evelyn Tsinnijinnie, victims rights advocate at the Another Way center.

## IV. Failure to State a Claim

### A. Improper Defendants

To state a claim under §1983, Plaintiff must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived Plaintiff of a constitutional right. Balisteri v. Pacifica Police Department, 901 F. 2d 696, 699 (9th Cir. 1988). Here, Evelyn Tsinnijinne, a victims rights advocate for Another Way, a domestic violence center, is a private actor and as such does not act under "color of state law."

1  Similarly, the Another Way Domestic Violence Center is also a private actor and does act
2  under color of state law. Accordingly, Plaintiff has failed to name any proper Defendants
3  and therefore, this action must be dismissed.

4  Even assuming, arguendo, that Plaintiff had named a proper Defendant, his claim
5  would not be actionable.  Here, the basis of Plaintiff's §1983 action is that Defendant
6  slandered him by calling him a rapist and as a result of the alleged slander, Plaintiff was
7  threatened and called a rapist.  Injury to reputation alone does not result in a deprivation of
8  a liberty or a property interest protected by the Due Process Clause of the Fourteenth
9  Amendment. Paul v. Davis, 424 U.S. 693, 703 (1976); Johnson v. Barker, 799 F.2d 1396,
10 1399 (9th Cir.1986).  An action for damages to reputation "lies ... in the tort of defamation,
11 not in [42 U.S.C. S] 1983." Fleming v. Dep't of Public Safety, 837 F.2d 401, 409 (9th Cir.),
12 cert. denied, 488 U.S. 889 (1988).  Plaintiff has failed to state a constitutional claim and
13 therefore, the Complaint cannot be cured by amendment.  Accordingly, this action will be
14 dismissed.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2)  As required by the accompanying order to the appropriate government agency, Plaintiff must pay the $250 filing fee and is assessed an initial partial filing fee of $5.00.

(3) The Complaint  and this action are **dismissed** for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 21st day of July, 2006.

Stephen M. McNamee
United States District Judge